

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2002

# Willis v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Willis v. Vaughn" (2002). *2002 Decisions.* Paper 594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-1453


FREDERICK WILLIS,
                              Appellant

            v.

DONALD VAUGHN;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-01091)
District Judge:  Hon. Marvin Katz


Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before:  SLOVITER, RENDELL, Circuit Judges
         and McCLURE,* District Judge

(Filed: September 19, 2002)


OPINION OF THE COURT

_____

*    Hon. James F. McClure, Jr., United States District Court for the Middle District of
     Pennsylvania, sitting by designation. SLOVITER, Circuit Judge.
     In this habeas case, Frederick Willis, a Pennsylvania state prisoner, challenges the
constitutionality of the jury instructions concerning reasonable doubt and malice that were
given at his state murder trial.  The District Court, based upon the Report and
Recommendation of the Magistrate Judge, denied Willis' habeas petition with respect to
these claims because it found that he had procedurally defaulted them.  For the reasons
that follow, we will affirm.
                              I.
                FACTS AND PROCEDURAL BACKGROUND
     On July 8, 1991, a jury convicted Willis of two counts of first degree murder and
one count of possession of an instrument of crime in connection with the shooting of two
people in their home.  Willis received two consecutive life sentences on the murder
counts and a concurrent sentence of one to five years in prison on the weapons charge.
     The trial court denied Willis' post-trial motions.  Willis appealed to the
Pennsylvania Superior Court and on March 1, 1994, that court affirmed his conviction.
Commonwealth v. Willis, 643 A.2d 710 (Pa. Super. 1994)(table).  The Pennsylvania
Supreme Court denied allocatur.  Commonwealth v. Willis, 646 A.2d 1178 (Pa. 1994)
(table).  On direct appeal, Willis did not challenge the trial court's jury instructions or tr
counsel's failure to object to them.
     Following Willis' filing of a pro se petition under the Post Conviction Relief Act,
42 Pa. Cons. Stat.    9541-9546 ("PCRA"), in 1997, counsel was appointed and filed an

amended petition claiming, among other things, that trial counsel was ineffective, and that Willis was denied a fair trial, because counsel failed to object to the trial court's jury instructions on reasonable doubt and malice. Specifically, Willis claimed that the trial court failed to state, when defining the offense of homicide, that each element of the offense must be proven beyond a reasonable doubt. In his memorandum of law in support of his petition, Willis argued that this failure deprived him of due process and that counsel was ineffective in not preserving the issue. Willis also stated in his petition that the trial court never told the jurors that the underlying facts which would sustain an inference of malice must be proven beyond a reasonable doubt. In addition, he claimed that appellate counsel was ineffective for failing to raise these claims.

The Commonwealth moved to dismiss the petition. It argued in part that Willis waived any claim of trial court error and that counsel was not ineffective for not objecting to the trial court's charge. The PCRA court adopted the reasoning in the Commonwealth's motion to dismiss and denied relief. On appeal, Willis raised his ineffective assistance of counsel claims with respect to the jury charge in his statement in his brief of the questions presented. The Pennsylvania Superior Court found counsel effective and affirmed the denial of the PCRA petition. Commonwealth v. Willis, 745 A.2d 48 (Pa. Super. 1999)(table). Willis petitioned the Pennsylvania Supreme Court for allowance of appeal on the questions of whether the Superior Court erred in concluding that the trial court's jury instruction on reasonable doubt was constitutional, and that the instruction on malice did not reduce the prosecution's burden of proof. The Pennsylvania Supreme Court denied allocatur. Commonwealth v. Willis, 751 A.2d 190 (Pa. 2000) (table).

Willis then filed a petition for a writ of habeas corpus in the District Court alleging, among other things, that his due process rights were violated by the trial court's jury instructions. The petition was assigned to a Magistrate Judge who issued a Report and Recommendation concluding that Willis failed to exhaust these claims that are therefore procedurally defaulted. The District Court approved and adopted the Magistrate Judge's Report and Recommendation and denied the petition. Willis then filed a Notice of Appeal and Application for Certificate of Appealability with this court. We granted the application with respect to Willis' due process challenges to the trial court's jury instructions.

## II.
### JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. 2254. This court has jurisdiction pursuant to 28 U.S.C. 2253. Our review of the District Court's order is plenary. Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997). Pursuant to 28 U.S.C. 2254(d), a state court's adverse resolution of a claim of constitutional error provides a basis for federal habeas relief only if the state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or if it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See also Williams v. Taylor, 529 U.S. 362 (2000)(discussing analysis required by 2254(d)).

## III.
### DISCUSSION

A. Appellate Jurisdiction

By statute, a certificate of appealability may be granted to a habeas petitioner who makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c). The appellees (jointly referred to as "Commonwealth") argue that this court improvidently granted a certificate of appealability and that we lack jurisdiction because Willis failed to show that jurists of reason would find it debatable whether the habeas petition states a valid claim of the denial of a constitutional right, and whether the District Court's procedural decision is correct, as required by Slack v. McDaniel, 529 U.S. 473, 484 (2000). We disagree. Willis' habeas petition states a valid constitutional claim that he was denied his due process right to a fair trial and, as discussed further below, the District Court's ruling on the procedural issue of exhaustion is subject to debate.

B. Exhaustion and Procedural Default

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at 845. In addition, a prisoner must "fairly present" his federal claims to the state courts. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). To "fairly present" a claim, a prisoner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. Id. at 261.

The Commonwealth appears to grant that Willis raised his due process claims in the PCRA court but contends that he failed to do so in the Superior Court. It states that in his statement of the claims presented to the PCRA court, Willis contended that he was denied the effective assistance of counsel, and a fair trial, by counsel's failure to object t the trial court's jury instructions. The Commonwealth further states that after it argued to the PCRA court that a claim of trial court error is waived, and the PCRA court adopted this reasoning in granting its motion to dismiss, Willis omitted his contention that he was denied a fair trial in his statement of the issues raised on appeal to the Superior Court.

Although we have reservations whether Willis fairly presented the due process claims in the PCRA court, we decline to address that issue because the Commonwealth appears to concede that he did. The dispositive question, however, is whether Willis fairly presented his due process claims in the Superior Court. In that court, Willis omitted the contention that he was denied a fair trial in his statement of the questions presented although he also included a statement that he was denied a fair trial in presenting another issue that is not before this court. More important, Willis only discussed due process within the context of his ineffective assistance of counsel claims in the state court. Consequently, the Superior Court only addressed whether counsel was ineffective. In contrast, in his federal habeas petition Willis only argues a violation of due process and has not claimed that counsel was ineffective.

Given the ambiguity of Willis' state court filings, we conclude that he has not met his burden of establishing that he exhausted his due process claims. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(a habeas petitioner has the burden of proving exhaustion). Willis' ineffective assistance of counsel claims and underlying due process claims are distinct, and exhaustion of one does not constitute exhaustion of the other. See Senk v. Zimmerman, 886 F.2d 611, 614 (3d Cir. 1989)(claim that counsel failed to challenge a jury instruction concerns his attorney's performance and only indirectly implicates the underlying claim). Willis failed to present his due process claims in a manner that put the Superior Court on notice that they were being asserted as distinct from his ineffective assistance of counsel claims. See McCandless, 172 F.3d at 261. Having concluded that Willis failed to exhaust his due process claims in state court, we also agree with the Magistrate Judge that Willis has procedurally defaulted them and that he has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his default. See id. at 260.

C.   Comments on the Merits

As recognized by the Magistrate Judge, notwithstanding Willis' failure to exhaust his due process claims, these claims lack merit. See 28 U.S.C. 2254(b)(2) (habeas petition may be denied on the merits notwithstanding the failure to exhaust). When assessing the propriety of jury instructions, they must be evaluated as a whole. See Victor v. Nebraska, 511 U.S. 1, 5 (1994). Before defining the elements of murder, the trial court instructed the jury that the Commonwealth must prove a defendant guilty beyond a reasonable doubt of the charges made against him, and that it is the Commonwealth that always has the burden of proving each and every element of the crimes charged and that the defendant is guilty of these crimes beyond a reasonable doubt. Supp. App. at 99. Having reviewed the charge as a whole, we do not find that there is a reasonable likelihood that the jury applied the court's instructions in an unconstitutional manner. See Victor, 511 U.S. at 6.

IV.

CONCLUSION

For the reasons discussed above, we conclude that Willis did not fairly present his due process claims in one complete round of state court proceedings. He thus did not exhaust his state remedies as required and the District Court properly denied his petition for a writ of habeas corpus with respect to these claims on procedural grounds. Even if

Willis had exhausted his state remedies as required, his due process claims lack merit.
_____

TO THE CLERK:

      Please file the foregoing opinion.


      __/s/ Dolores K. Sloviter_____
            Circuit Judge